

CJ2020 5672
FILED IN DISTRICT COURT
OKLAHOMA COUNTY

NOV 2 5 2020

RICK WARREN
COURT CLERK

112_____

IN THE DISTRICT COURT OF OKLAHOMA COHSNTY
STATE OF OKLAHOMA

RACHEL MOSMAN )
    PLAINTIFF )
     )
vs. ) Case No. **CJ-2020-5672**
     )
THE OKLAHOMA HISTORICAL ) *ATTORNEY'S LIEN CLAIMED*
SOCIETY ex rel the STATE OF )
OKLAHOMA, an agency of the state of )
Oklahoma, PATRICIA NUNES, Individually ) *JURY TRIAL DEMANDED*
and in her official Capacity as the )
Published Collections Manager )
    DEFENDANTS )

## PETITION

COMES NOW, the Plaintiff Rachel Mosman and for her Petition against the Defendants the Oklahoma Historical Society and Patricia Nunes, individually and in her Official Capacity as the Published Collections Manager, collectively, Defendants. In support of her Petition the plaintiff alleges, and states as follows:

### JURISDICTIONAL FACTS AND PRE-SUIT ADMINSTRATIVE REQUIREMENTS

1. Plaintiff is a citizen of the state of Oklahoma an resident of Oklahoma County Oklahoma.
2. Defendant Oklahoma Historical Society ("OHS") is an agency of the State of Oklahoma.
3. Defendant Patricia Nunes is a citizen of the state of Oklahoma and a resident of Cleveland County Oklahoma.
4. Plaintiff is a white female, over the age of 40 with a condition which impacts major life activities employed by defendant Oklahoma Historical Society.
5. Plaintiff is supervised by Defendant Patricia Nunes.
6. Plaintiff filed an internal grievance regarding her treatment by the Defendants on or about November 7, 2018.

1

Exhibit 2

7. Plaintiff filed a grievance with the Oklahoma Merit Protection Commission on or about January 5, 2019.

8. Plaintiff submitted an online claim with the Equal Employment Opportunity Commission ("EEOC") on or about May 22, 2019.

9. Plaintiff completed her EEOC intake via a phone interview on or about July 11, 2019.

10. The EEOC issued a charge of discrimination On June 8, 2020

11. The EEOC issued the notice of rights letter on August 27, 2020

12. This matter was filed within 90 days of the issuance of the notice of rights letter from the EEOC.

13. All of the acts given rise to the events described herein occurred in the state of Oklahoma and in the course and scope of Plaintiff's employment with the Oklahoma Historical Society.

14. Plaintiff is currently an employee with the OHS.

### FACTUAL ALLEGATIONS AND BACKGROHSND

15. Plaintiff first began working for defendant on December 1, 2006 and was hired as an Archivist Records Management Specialist Level 1

16. On or about February 1, 2013, plaintiff was promoted to archivist records management

17. Plaintiff has no history of discipline verbal or written while working for the defendant.

18. Plaintiff has a diagnosis of Fibromyalgia, Sjorgrens and Psoriatic Arthritis which are autoimmune conditions which impair major life activities.

19. Defendants were aware that Plaintiff has a disability and were aware that she acquired accommodations.

Exhibit 2

20. Beginning in early 2015 plaintiff requested accommodations from Chad Williams for her health condition to allow her to work from home on difficult days. Mr. Williams granted the accommodation.

21. Thereafter, on information and belief co-worker Laura Martin knowingly and intentionally interfered with Plaintiff's employment and accommodations by claiming that Plaintiff was not working from home when Plaintiff was in fact working from home.

22. Laura Martin's complaints caused Plaintiff's disability accommodation to be withdrawn.

23. Thereafter, Plaintiff was allowed to work a flexible schedule to accommodate her disability so long as Plaintiff did not work from home.

24. The flexible work schedule allowed Plaintiff to come in later to work and/or to work past 5 pm and to work weekends and holidays when necessary.

25. Defendant Patricia Nunes has been intentionally interfering with Plaintiff's use of a flexible work schedule.

26. Since the filing of Plaintiff's EEOC claim and the issuance of the right to sue letter, Defendant Nunes has informed Plaintiff that she will no longer be allowed to have a flexible work schedule.

27. Plaintiff requested accommodations to perform her job which were initially given but then later taken away.

28. During her employment with OHS, Plaintiff and a former co-worker, JA Pryse, created a new department.

29. Plaintiff was the second in command of the new department behind Mr. Pryse.

30. When Pryse left OHS, Bob Blackburn, the Director of OHS, asked Pryse who should take over the Department. Pryse told Blackburn that Plaintiff should run the department.

**Exhibit 2**

31. Blackburn replied that Plaintiff was "fragile."

32. Plaintiff was not promoted to the Department Head position to replace Pyrse.

33. Plaintiff's non-disable co-workers with less experience that Plaintiff and less time with the agency that Plaintiff have been promoted faster than Plaintiff and have been given larger raises than Plaintiff.

### FIRST CAUSE OF ACTION – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

34. Plaintiff adopts and incorporates the preceding paragraphs as if set forth fully herein.

35. Plaintiff has a disability namely Fibromyalgia, Sjorgrens and Psoriatic Arthritis which impacts major life activity in terms of sitting, standing, walking, lifting, reaching, and other activities.

36. Plaintiff's disability primarily impacts her mobility and at differing points has had to use a cane, a walker and/or a wheelchair in order to ambulate.

37. Plaintiff is capable of performing her all her job duties with reasonable accommodations.

38. Defendant OHS knew of Plaintiff's disabilities in that they are obvious to such a decree as any reasonable and ordinary person would observe and be aware of her mobility issues.

39. Additionally, Defendant OHS knew of Plaintiff's disabilities because Plaintiff informed them of the same and asked for accommodations for her disability during her employment.

40. Defendant also regarded Plaintiff as disabled.

41. During the course and scope of her employment Plaintiff has suffered adverse employment action in the failure to promote her to other positions for which she is qualified; she has been denied the opportunity to work on projects for which she is qualified and will allow her to advance in her career with OHS, and Plaintiff has been excluded from OHS events and career advancement

**Exhibit 2**

42. Plaintiff has suffered adverse employment action in that Defendant has failed to give her reasonable and appropriate raises.

43. As a result of Defendant OHS's conduct Plaintiff was forced to endure a hostile work environment, was not promoted or given raises, was overlooked for promotions for which she was otherwise qualified, has lost wages and benefits, and sustained damage to her reputation and career.

44. Plaintiff has suffered, and continues to suffer, the type of mental anguish, embarrassment, anger, frustration, disappointment, regret, despair, and disruption of her peace of mind as a result of Defendant OHS's unlawful conduct, a reaction that any reasonable person would have under like circumstances.

45. Plaintiff Mosman has been injured in an amount in excess of $75,000 and is entitled to judgment against the Defendants for their wrongful conduct.

### SECOND CAUSE OF ACTION – VIOLATION OF THE OKLAHOMA ANTI-DISCRIMINATION ACT FOR DISABILITY DISCRIMINATION

46. Plaintiff adopts and incorporates the preceding paragraphs as if set forth fully herein.

47. The elements of a violation for the Oklahoma Anti-Discrimination Act for disability discrimination are the same as the elements under the Americans with Disabilities Act.

48. Plaintiff timely filed her claims within 180 days

49. As a result of Defendant OHS's conduct Plaintiff was forced to endure a hostile work environment, was not promoted or given raises, was overlooked for promotions for which she was otherwise qualified, has lost wages and benefits, and sustained damage to her reputation and career.

50. Plaintiff has suffered, and continues to suffer, the type of mental anguish, embarrassment, anger, frustration, disappointment, regret, despair, and disruption of her peace of mind as

Exhibit 2

a result of Defendant OHS's unlawful conduct, a reaction that any reasonable person would have under like circumstances.

51. Plaintiff Mosman has been injured in an amount in excess of $75,000 and is entitled to judgment against the Defendants for their wrongful conduct.

### THIRD CAUSE OF ACTION – VIOLATION OF THE REHAB ACT

52. Plaintiff adopts and incorporates all previous paragraphs as if set forth herein.

53. Defendant OHS is the recipient of federal funds and financial assistance and as such is subject to the restrictions set forth in the Rehabilitation Act of 1973, 29 USC §794 et seq.

54. As recipients of federal funding, the Defendant OHS is subject to the requirements of Section 504, including the requirement that it not subject otherwise qualified individuals with disabilities to discrimination on the basis of disability.

55. At all relevant times, Plaintiff Mosman was and is a qualified individual as defined by 42 USC 12111(8) of the ADAA and §504 of the rehabilitation act because she was able to perform the essential functions of her position with OHS.

56. Plaintiff Mosman has and/or has been "regarded as disability" as defined in the ADAAA at 42 U.S.C. §§12102(1) and (3)and incorporated into the Rehabilitation Act, in that she has and an actual or perceived physical impairment to her immunological system as a result of the needle stick she suffered while at OHS.

57. Alternatively, Plaintiff has a Section 504 disability as defined in the ADAAA at 42 U.S.C. §12102(1)(A) in that she has had impairment that limits her in one or more major life activity or bodily function in regard to the impairment to her immunological system, mobility and chronic pain.

**Exhibit 2**

58. Plaintiff Mosman has a disability protected by the Rehabilitation Act as defined at 42 U.S.C.§12102(B).

59. OHS was aware of the disabilities of Mosman as her disability was obvious to a reasonable person and because Mosman informed her employer of her disability and requested accommodations for the same.

60. Defendant OHS's adverse employment actions of failure to train and promote Plaintiff as well as failure to pay Plaintiff the same as other non-disabled employees violates Section 504 of the Rehabilitation Act as amended by the ADAAA at 42 U.S.C. §12102(1)(C) and (3) which prohibits discrimination against qualified individuals because of an actual or perceived physical impairment.

61. Defendant Nunes acted intentionally and with reckless indifference to Plaintiff Mosman's rights violated Section 504 of the Rehabilitation Act by failing to train and promote Plaintiff, by denying her accommodations due under the law, and by retaliating against her for asserting her right to be free from discrimination in employment despite the ADAAA's and the Rehabilitation Act's clear prohibition against taking adverse action against otherwise qualified individuals based on a perceived or actual impairment.

62. Mosman suffered adverse employment consequences as a result of asserting her rights and protections due under the Rehabilitation Act.

63. As a result of Defendant OHS's conduct Plaintiff was forced to endure a hostile work environment, was not promoted or given raises, was overlooked for promotions for which she was otherwise qualified, has lost wages and benefits, and sustained damage to her reputation and career.

**Exhibit 2**

64. Plaintiff has suffered, and continues to suffer, the type of mental anguish, embarrassment, anger, frustration, disappointment, regret, despair, and disruption of her peace of mind as a result of Defendant OHS's unlawful conduct, a reaction that any reasonable person would have under like circumstances.

65. Plaintiff Mosman has been injured in an amount in excess of $75,000 and is entitled to judgment against the Defendants for their wrongful conduct.

## FOURTH CAUSE OF ACTION – RETAILATION

66. Plaintiff adopts and incorporates all previous paragraphs as if set forth herein.

67. Plaintiff asserted her rights to be free from discrimination in the workplace based on her disability by filing grievances within the agency, with the Merit Protection Commission and with the EEOC.

68. Since asserting her rights to be free from discrimination in the workplace, Plaintiff has been the target of on-going harassment and a hostile work environment by her co-workers and superiors.

69. Since filing her claims internal and external, Plaintiff's co-workers Chad Williams and Laura Martin have received raises and Plaintiff has not.

70. Since filing her claims internal and external, Plaintiff has been denied a promotion for which she was otherwise qualified for and capable of performing with reasonable accommodations.

71. Since filing her claims internal and external, Patricia Nunes, Plaintiff's supervisor has engaged in behavior which is designed to harass, demean and intimidate Plaintiff to get her to withdraw her complaints and/or to create such a hostile work environment that Plaintiff will quit her job.

**Exhibit 2**

Case 5:21-cv-01207-G    Document 1-2    Filed 12/30/21    Page 9 of 11

72. Patricia Nunes is retaliating against Plaintiff by no longer allowing her to have a flexible work schedule.

73. Defendant Nunes is forcing Plaintiff to strictly comply with the OHS attendance and break schedule but other employees without disabilities are allowed to have a flexible work schedule and are not required to strictly comply with the attendance and break schedule.

74. Defendant Patricia Nunes has told Plaintiff that if she can't be at work at a set time everyday then she should not work at OHS.

75. Other individuals with disabilities who have not filed grievances or EEOC claims are allowed to have a flexible work schedule.

76. As a result of Defendant OHS's conduct Plaintiff was forced to endure a hostile work environment, was not promoted or given raises, was overlooked for promotions for which she was otherwise qualified, has lost wages and benefits, and sustained damage to her reputation and career.

77. Plaintiff has suffered, and continues to suffer, the type of mental anguish, embarrassment, anger, frustration, disappointment, regret, despair, and disruption of her peace of mind as a result of Defendant OHS's unlawful conduct, a reaction that any reasonable person would have under like circumstances.

78. Plaintiff Mosman has been injured in an amount in excess of $75,000 and is entitled to judgment against the Defendants for their wrongful conduct.

## FIFTH CAUSE OF ACTION – VIOLATION OF 42 USC §1983

79. Plaintiff adopts and incorporates all previous paragraphs as if set forth herein.

80. Defendant Patricia Nunes while acting under color of state law, violated Plaintiff's rights under the 14th amendment to the US Constitution.

**Exhibit 2**

81. As a result of Defendant Nune's conduct Plaintiff was forced to endure a hostile work environment, was not promoted or given raises, was overlooked for promotions for which she was otherwise qualified, has lost wages and benefits, and sustained damage to her reputation and career.

82. Plaintiff has suffered, and continues to suffer, the type of mental anguish, embarrassment, anger, frustration, disappointment, regret, despair, and disruption of her peace of mind as a result of Defendant OHS's unlawful conduct, a reaction that any reasonable person would have under like circumstances.

83. Plaintiff Mosman has been injured in an amount in excess of $75,000 and is entitled to judgment against the Defendants for their wrongful conduct.

WHEREFORE, Plaintiff Rachel Mosman demands judgment in her favor and against the Oklahoma Historical Society, an agency of the State of Oklahoma, and Patricia Nunes in an amount in excess of $75,000 for its wrongful, improper, and illegal conduct. Plaintiff requests that she be awarded their prospective and injunctive relief where applicable as well as their lost wages, damages for harm to her reputation and career, mental anguish, embarrassment, anger, frustration, disappointment, regret, despair, and disruption of their peace of mind, and punitive damages. Plaintiff further requests that the Court award her the costs and attorney's fees associated with this suit, and any and all other relief that the Court deems just and equitable.

**Exhibit 2**

Respectfully submitted,

*[signature]*

Rachel Bussett, OBA #19769
Kindra Dotson-Avila, OBA 22547
Bussett Legal Group, PLLC
2201 N. Classen Blvd.
Oklahoma City, OK 73106
Telephone: (405) 605-8073
FAX:   (405) 212-9112
Email: Rachel@BussettLegal.com
***ATTORNEY'S LIEN CLAIMED***

***JURY TRIAL DEMANDED***

**Exhibit 2**